*730 Melnick, J.
(dissenting)
¶56 The majority and I rely on the same facts, the same principles of statutory construction, and the same statute. However, because we differ on the interpretation of the relevant statute and its applicability to the facts of this case, I respectfully dissent.
¶57 At issue in this case is the interpretation of RCW 11.12.051(1). In relevant part it reads:
If, after making a will, the testator’s marriage or domestic partnership is dissolved, invalidated, or terminated, all provisions in the will in favor of or granting any interest or power to the testator’s former spouse or former domestic partner are revoked, unless the will expressly provides otherwise. Provisions affected by this section must be interpreted, and property affected passes, as if the former spouse or former domestic partner failed to survive the testator, having died at the time of entry of the decree of dissolution or declaration of invalidity.
RCW 11.12.051(1) (emphasis added).
¶58 I agree with the majority that the provision at issue in Dana’s will is not “in favor of” Christine,[4] and we do not use the legal fiction that she “died at the time of entry of the decree of dissolution.”[5] For this reason, I believe the sentence that begins, “Provisions affected by this section ...” is inapplicable.[6] If none of the provisions of the will is “in favor of” the testator’s prior spouse, then there cannot be any provisions of the will affected by this portion of the statute. For this reason, I would hold that Dana died intestate. I would also hold that the award of attorney fees to the Schulers is in error.
Reconsideration denied July 27, 2016.
Review denied at 186 Wn.2d 1031 (2016).

 Majority at 723-24.

 See RCW 11.12.051(1).

 See RCW 11.12.051(1).